## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| WALID KHALED | ) | CASE No. 1:14 cv 01007 DAP |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Polster |
| v. | ) | |
| | ) | |
| COX COMMUNICATIONS dba | ) | |
| Cox Cable | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS
## PURSUANT TO RULE 12(b)(6)
## or, in the alternative,
## MOTION TO STRIKE PLAINTIFF'S
## DEMAND FOR A JURY TRIAL

COMES NOW, Defendant Cox Ohio Telecom, LLC d/b/a Cox Communications (incorrectly identified in the Complaint as "Cox Communications dba Cox Cable") (hereinafter, "Cox" or the "Company"), and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Court for an Order dismissing the Complaint.[1]

Plaintiff has filed a four count Complaint asserting claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA") (Count I), and the Ohio Consumer Sales Practices Act, O. R. C. § 1345.01 *et seq*. ("OCSPA") (Count II), as well as common law claims for invasion of privacy (Count III) and negligence (Count IV). Plaintiff demands a trial by jury on all counts. [Compl., p. 11.]

---

[1] Defendant has, this same day, filed separately a motion to compel arbitration and dismiss (or stay) this action. The present Motion is filed for the alternative purpose of responding to the Complaint in the event the Court should deny the motion to compel arbitration.

As set forth below, the Court should dismiss Count I of the Complaint on the grounds that Cox is not an entity covered under the FCRA and Plaintiff otherwise fails to state a claim under the FCRA. Furthermore, assuming *arguendo* that Cox is an entity covered under the FCRA, and that the allegations of the Complaint state a claim for violation of the FCRA, Plaintiff still cannot pursue a private right of action under the FCRA based on those allegations.

The Court also should dismiss Count II of the Complaint for failure to state a claim under the OCSPA. Furthermore, and although the preemption analysis here is made more difficult by the Complaint's failure to plead any specific provision(s) of the FCRA that Cox allegedly violated, the Court should dismiss Count II, as well as Counts III and IV, as preempted by the applicable provisions of the FCRA.

Alternatively, should the Court deny, in whole or in part, Cox's Motion to Dismiss Plaintiff's claims pursuant to Rule 12(b)(6), the Court should nevertheless strike his demand for a jury trial as waived pursuant to the Cox® High Speed Internet Subscriber Agreement. *See* Fed. R. Civ. P. 39(a).

## Background Facts

The Complaint asserts claims pursuant to the FCRA (Count I) and the OCSPA (Count II), as well as common law claims for invasion of privacy (Count III) and negligence (Count IV). Each of Plaintiff's statutory and common law claims is based upon the same facts generally alleged in the Complaint. No specific facts are alleged in any of the individual Counts; indeed, each of four Counts is identical except for the identification of the legal basis asserted.

Plaintiff has been a Cox high-speed internet ("HSI") subscriber continuously since December 2008. [Declaration of Jason Williams ("Williams Dec."), attached as Exhibit A hereto,

at ¶4.[2/] As an HSI subscriber, Plaintiff was provided with the Cox® High Speed Internet Subscriber Agreement and modifications to the same both via the mail and via on-line access. [Williams Dec., ¶ 5.]

Section 20 of the Agreement is entitled "**DISPUTE RESOLUTION; ARBITRATION; CLASS ACTION WAIVER**," and contains several subsections, including a jury trial waiver.[3/] [*See gen'lly* Williams Dec., ¶ 6, Ex. 1, ¶¶ 20.1 – 20.7 (emphasis in original); Williams Dec., ¶ 7, Ex. 2, ¶¶ 20.1 – 20.7 (emphasis in original).]. Section 20 of the Agreement provides as follows:

> **20.   DISPUTE RESOLUTION;   ARBITRATION;   CLASS   ACTION WAIVER.**
>
> **YOU HAVE THE RIGHT TO OPT OUT OF THIS DISPUTE RESOLUTION PROVISION (<u>EXCEPT ITS JURY TRIAL WAIVER</u>) WITHIN 30 DAYS OF RECEIPT OF THIS AGREEMENT, IF YOU FOLLOW THE PROCEDURES SET FORTH IN SECTION 20.7 BELOW. OTHERWISE, YOU WILL BE BOUND TO SETTLE ANY DISPUTES YOU MAY HAVE WITH COX THROUGH THE FOLLOWING DISPUTE RESOLUTION PROCEDURES.**

[*See* Williams Dec., ¶ 10, Ex. 1, § 20 (underlining supplied; other emphasis in original); Williams Dec., ¶ 11, Ex. 2, § 20 (underlining supplied; other emphasis in original).]

Subsection 20.6 of the Agreement contains the jury trial waiver, and reads as follows:

> **20.6 Jury Trial Waiver.** If for any reason this arbitration agreement is found to be unenforceable, including without limitation, that the class action waiver is

---

[2/]      Mr. Williams' Declaration is offered only in support of the alternative relief sought herein; namely, striking Plaintiff's jury trial demand. Cox does *not* wish to convert its Rule 12(b)(6) Motion to Dismiss into a motion for summary judgment.

[3/]      A true and correct copy of the Cox® High Speed Internet Subscriber Agreement ("Agreement"), as modified on December 20, 2011, is attached to Mr. William's Declaration as Exhibit 1. Also attached to Mr. William's Declaration is a true and correct copy of the Cox® High Speed Internet Subscriber Agreement ("Agreement"), as modified on November 20, 2013. [Williams Dec., ¶ 7, Exhibit 2.] The relevant terms of Exhibits 1 and 2 to the Williams Declaration are identical, and are therefore referred to collectively herein as the "Agreement."

> unenforceable, or if you opt out of this dispute resolution agreement, you and Cox expressly and knowingly WAIVE THE RIGHT TO TRIAL BY JURY. This means that a Judge rather than a Jury will decide disputes between you and Cox if, for any reason, the arbitration agreement is not enforced.

[*See* Williams Dec., ¶ 8, Ex. 1, §§ 20.6 (emphasis in original); Williams Dec., ¶ 9, Ex. 2, §§ 20.6 (emphasis in original).]

Cox provided bundled telephone, high-speed internet, and cable services to Plaintiff at all times relevant hereto. [Compl., ¶ 9.] Plaintiff alleges that on or about May 9, 2012, someone posing as him called Cox, complained that Plaintiff's home telephone service was inoperative, and requested that a service appointment be scheduled and that Cox forward telephone calls placed to Plaintiff's home telephone number to an out-of-state cell phone telephone number. [Compl., ¶¶ 8, 10.] Plaintiff alleges that a Cox customer service representative forwarded the calls as requested, and scheduled a service call (which Plaintiff subsequently canceled). [Compl., ¶ 10.]

Plaintiff claims that someone using his credit card number subsequently made a $107.00 purchase from a T-Mobile store. [Compl., ¶ 11.] Plaintiff also claims that someone thereafter opened new credit card accounts in Plaintiff's name, and that the account and billing information for those accounts was mailed – although not by Cox – to an address in New Jersey. [Compl., ¶ 12.] Plaintiff claims that "numerous purchases" (in unspecified amounts) were then made using those credit cards. [Compl., ¶ 13.] Plaintiff also claims that someone was able to obtain a $9,000.00 cash advance from his Chase bank card, although Chase eventually credited that amount back to Plaintiff.[4] [Compl., ¶ 18.]

---

[4] Plaintiff also seeks damages he claims he "will continue to incur" generally for the alleged increased risk of future harm, as well as time and money spent mitigating the risk of the same, in the form of identity theft. [*See* Compl., ¶¶ 24-25.] At the very least, there exists a significant question as to whether such damages are properly recoverable. *Brit Ins. Holdings N.V. v. Krantz*, No. 1:11 CV 948, 2012 WL 28342, *8 (N.D. Ohio Jan. 5, 2012); *Kahle v. Litton Loan Servicing LP*, 486 F. Supp. 2d 705, 711 (S.D. Ohio 2007).

Plaintiff claims that Cox "disregarded and/or violated his privacy and property rights and harmed him in the process," by disclosing his personally-identifiable information ("PII") without his prior written consent, which he alleges is required by the FCRA and "other pertinent laws, regulations, industry standards and/or internal company standards." [Compl., ¶ 20.] Plaintiff also claims that Cox failed to "safeguard and protect" his PII "by failing to properly train its employees" and "by failing to follow its own safety and security rules and protocols." [Compl., ¶¶ 21-23; *see also* Compl., ¶ 1 (claiming that Plaintiff "entrusted" his PII to Cox, who allegedly "betrayed" that "trust by failing to properly safeguard and protect his PII and publicly disclosing his PII without authorization").]

## Argument and Citation of Authority

When ruling on a motion to dismiss under Rule 12(b)(6), "the Court's function is to test the Complaint's legal sufficiency." *Smith v. City of Cleveland*, No. 1:13 CV 2771, 2014 WL 639833, *2 (N.D. Ohio Feb. 18, 2014) (*citing Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993)). "The Court must construe the complaint in the light most favorable to the plaintiff, accepting all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Smith*, 2014 WL 639833, at *2 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "The plaintiff's obligation to provide the grounds for relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Although a complaint need not contain detailed factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "[T]he Court is 'not bound to accept as true a legal conclusion couched as a

factual allegation.'" *Smith*, 2014 WL 639833, at *2 (*quoting Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

The Supreme Court further explained the 'plausibility' requirement in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), stating that "'a claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Smith*, 2014 WL 639833, at *2 (*quoting Iqbal*, 556 U.S. at 678). "Furthermore, 'the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully.'" *Id.* (*quoting Iqbal*, 556 U.S. at 678). "This determination is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (*quoting Iqbal*, 556 U.S. at 678).

As set forth below, Cox is not an entity covered under the FCRA and Count I of the Complaint otherwise fails to state a claim under the FCRA. Furthermore, assuming *arguendo* that Cox is an entity covered under the FCRA and that the Complaint states an alleged claim for violation of the FCRA, Plaintiff still cannot pursue a private right of action under the FCRA based on those allegations.

With regard to Plaintiff's state law claims, Count II of the Complaint also fails to state a claim under which relief can be granted under the OCSPA. Furthermore, and although the preemption analysis here is made more difficult by the Complaint's failure to plead any specific provision(s) of the FCRA that Cox allegedly violated, Count II, as well as Counts III and IV, should be dismissed as preempted by the applicable provisions of the FCRA.

Alternatively, should the Court deny, in whole or in part, Cox's Motion to Dismiss Plaintiff's claims pursuant to Rule 12(b)(6), the Court should nevertheless strike his demand for

a jury trial as waived pursuant to the Cox® High Speed Internet Subscriber Agreement. *See* Fed. R. Civ. P. 39(a).

## I.     **The Complaint Should Be Dismissed for Failure to State a Claim.**

### 1.     **The Complaint Fails to State a Claim under The FCRA.**

In Count I, Plaintiff claims that Cox's alleged "actions and/or inactions," as generally pled in the Complaint, violated the FCRA. The FCRA imposes distinct obligations on three general categories of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies. *Nelski v. Trans Union LLC*, 86 F. App'x 840, 844 (6th Cir. 2004); *Jones v. Alltel Ohio Ltd. Partnership*, No. 1:06 CV 02332, 2007 WL 1731321, *3 (N.D. Ohio June 14, 2007). The Complaint does not plead which of these three statutory categories Cox allegedly falls within or any specific provision(s) of the FCRA that Cox allegedly violated.[5/]

### A.     **Cox Is Not A Consumer Reporting Agency.**

A "consumer reporting agency" is defined by the FCRA as

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). The Complaint does not allege that Cox was a consumer reporting agency as defined by the FCRA; nor does it allege any facts that would support such a claim. Therefore, to the extent Plaintiff claims that Cox is a consumer reporting agency, his FCRA claim should be

---

[5/]     In Paragraph 1 of the Complaint, Plaintiff claims that Cox's alleged actions and/or inactions were "in willful noncompliance" with the FCRA. Subject to limitations contained elsewhere in the FCRA, and discussed further below, § 1681n authorizes civil actions for "willful noncompliance" with the FCRA. *See also Boggio v. USAA Federal Savings Bank*, 696 F.3d 611, 615 (6th Cir. 2012).

dismissed. *See Miller v. Trans Union Corp.*, 24 F. App'x 422, 424 (6th Cir. Dec. 5, 2001) (affirming dismissal of FCRA claims where the plaintiff presented no evidence that the defendants "regularly assembled or evaluated consumer credit information in order to furnish consumer reports to third parties").

**B.**    **Cox Is Not a User of Consumer Reports, And Plaintiff Could Not Pursue A Civil Action Against Cox As Such in Any Event.**

The FCRA imposes certain requirements on "users of consumer reports," although the act does not specifically define the term "users." *See* 15 U.S.C. § 1681m.[6/] The Complaint does not allege that Cox was a user of consumer reports under the FCRA; nor does it allege any facts showing that Cox is liable as such here. *Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 501 (W.D. Tenn. 1999) (holding that the plaintiff did not allege that the defendants, for example, denied him an extension of credit or increased any rates as a result of information contained in a consumer report).

Moreover, the FCRA expressly forecloses any private right of action for *any* alleged failure to comply with § 1681m:

(8)    Enforcement

    (A)    No civil actions.

    Sections 1681n and 1681*o* of this title shall not apply to any failure by any person to comply with this section.

    (B)    Administrative Enforcement.

    This section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section.

---

[6/]    The FCRA defines a "consumer report" generally as "any written, oral, or other communication of any information by a consumer reporting agency" that bears on certain consumer characteristics, and which is used (or expected to be used) to establish the consumer's eligibility for certain statutorily-identified purposes. *See* 15 U.S.C. § 1681a(d)(1).

15 U.S.C. § 1681m(h)(8).[7]

Therefore, to the extent Plaintiff claims that Cox is a user of consumer reports, his FCRA claim should be dismissed. *Wiggins v. Argent Mortgage Co.*, No. 11-cv-15118, 2012 WL 2992602, *2 (E.D. Mich. July 20, 2012) (holding that there is no private right of action for violation of § 1681m); *Tobler v. Equifax*, No. 08-cv-12610, 2009 WL 1491046, *3 (E.D. Mich. May 27, 2009) (same).[8]

### C. Cox Is Not a Furnisher of Information to Consumer Reporting Agencies, and Plaintiff Cannot Pursue a Civil Action in Any Event.

The FCRA likewise does not specifically define the term "furnisher of information to consumer reporting agencies," but the district courts in this Circuit have defined a covered "furnisher" generally as one that "'transmits information concerning a particular debt owed by a particular customer to consumer reporting agencies.'" *See Khalil v. TransUnion, LLC*, Civil Case No. 08-10303, 2008 WL 2782912, *6 (E.D. Mich. July 17, 2008) (*quoting Carney*, 57 F. Supp. 2d at 501). The Complaint does not allege that Cox is a furnisher of information to consumer reporting agencies; nor does it allege other facts showing that Cox is liable as such here.

Subsection 1681s-2(a) of the FCRA imposes on furnishers various duties falling under the statutory rubric of providing accurate information, including the duty to "have in place reasonable procedures to respond to any notification that it receives from a consumer reporting agency under [§ 1681c-2] relating to information resulting from identity theft, to prevent that person from refurnishing such blocked information." *See* 15 U.S.C. § 1681s-2(a)(6)(A). The

---

[7]    As noted above, § 1681n authorizes civil actions for willful noncompliance with the FCRA; § 1681*o* authorizes civil actions for negligent noncompliance with the Act. *See also Boggio*, 696 F.3d at 615.

[8]    The district courts in *Tobler* and *Wiggins* both noted the absence of any binding Sixth Circuit authority on this issue, but were persuaded by the reasoning of the great majority of other federal courts that have held that no private right of action exists under § 1681m. *See Wiggins*, 2012 WL 2992602, at *2 (citing cases); *Tobler*, 2009 WL 1491046, at *3 (same).

FCRA, however, expressly forecloses any private right of action for any alleged violations of the duties set forth in § 1681s-2(a):

> (c)    Limitation of liability
>
> Except as provided in section 1681s(c)(1)(B) of this title, sections 1681n and 1681*o* of this title do not apply to any violation of –
>
> > (1)    Subsection (a) of this section, including any regulations issued thereunder;

*See* 15 U.S.C. § 1681s-2(c)[9/]; *see also Ogle v. BAC Home Loans Servicing LP*, 942 F. Supp. 2d 902, 912 (S.D. Ohio 2013) ("this portion of the FCRA does not create a private cause of action, as the FCRA expressly prohibits any private cause of action based on a violation of § 1681s-2(a)").

There *does* exist a private right of action under the FCRA with regard to claims under § 1681s-2(b), which imposes certain duties on furnishers of information to consumer reporting agencies upon receiving notice "of a dispute with regard the completeness or accuracy of any information provided by a person to a consumer reporting agency." 15 U.S.C. § 1681s-2(b); *see also Boggio*, 696 F.3d at 616. That subsection, however, "addresses only a furnisher of information's duty to investigate once notified of a dispute by a credit reporting agency, *not when notified by a consumer*." *Zehala v. American Express*, No. 2:10-cv-848, 2012 WL 1657061, *3 (S.D. Ohio May 9, 2012) (emphasis in original). The Complaint does not claim that Cox either transmitted any information regarding Plaintiff to any consumer reporting agency or received notice of any dispute from a consumer reporting agency, or any facts in support of such claims. Therefore, to the extent Plaintiff claims that Cox is a furnisher of information to

---

[9/]    Section 1681s(c)(1)(B) permits authorized representatives of the States to bring actions for damages on behalf of their residents. *See also Boggio*, 696 F.3d at 615.

consumer reporting agencies, his FCRA claim should be dismissed. *Id.*; *Ogle*, 942 F. Supp. 2d at 912.

### D.      The Complaint Fails To State A Claim under the FCRA.

As shown above, the Complaint does not contain sufficient factual content to allow the Court to draw a reasonable inference that Cox is a covered entity under the FCRA or, to the extent the Company is, has violated any provision(s) of the Act. *Smith*, 2014 WL 639833, at *2 (*quoting Iqbal*, 556 U.S. at 678). Furthermore, to the extent the Complaint alleges any "actions and/or inactions" by Cox that violate the FCRA, which it does not, the FCRA forecloses Plaintiff from pursuing any private right of action based on them. Accordingly, the Court should dismiss Count I of the Complaint.

### 2.      The Complaint Fails to State a Claim under The OCSPA.

In Count II of the Complaint, Plaintiff claims that Cox's alleged "actions and/or inactions" violated the OCSPA. Like his FCRA claim, Plaintiff's OCSPA claim is based upon the facts generally alleged in the Complaint. No specific facts are alleged in Count II, and Count II is identical to Count I except for the respective statutory bases asserted.

### A.      The Complaint Fails to State A Claim under The OCSPA.

The OCSPA prohibits a "supplier" from committing "an unfair or deceptive act or practice" – or an "unconscionable act or practice" – "in connection with a consumer transaction." O.R.C. §§ 1345.02(A), 1345.03(A). The OCSPA defines a "supplier" as a "seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer." O.R.C. § 1345.01(C). Assuming *arguendo* that Cox could be considered a supplier under the OCSPA under some set of facts, the allegations of the Complaint here nevertheless fail to state a claim under the OCSPA

because, *inter alia*, the alleged actions and/or inactions at issue were not "committed" "in connection with a consumer transaction." O.R.C. §§ 1345.02(A), 1345.03(A).

A "consumer transaction" is defined under the OCSPA as "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family or household, or solicitation to supply any of these things." O.R.C. § 1345.01(A). "To make out a prima facie claim under the [OCSPA], a plaintiff must 'show a material misrepresentation, deceptive act or omission' that impacted his decision to purchase the item at issue." *Temple v. Fleetwood Enters.*, 133 F. App'x 254, 265 (6th Cir. 2005). Plaintiff does not claim that he was induced to purchase a product or service through deceptive means. Rather, Plaintiff claims that Cox failed to "safeguard and protect" his PII – by allegedly failing to properly train its employees and/or by its employee(s)'s failure to follow its safety and security rules and protocols – and, thus, "wrongfully" (*i.e.*, without his prior written consent) disseminated the same to an identity thief posing as Plaintiff. [Compl., ¶¶ 21-23.] These allegations fail to satisfy the statutory definition of a consumer transaction.

Moreover, the actions and/or inactions alleged in the Complaint are not "unfair or deceptive act[s] or practices[s]," much less "unconscionable," within the meaning of the OCSPA. "In general, the OCSPA 'defines 'unfair or deceptive consumer sales practices' as those that mislead consumers about the nature of the product they are receiving, while 'unconscionable acts or practices' relate to a supplier manipulating a consumer's understanding of the nature of the transaction at issue.'" *McKinney v. Bayer Corp.*, 744 F. Supp. 2d 733, 743 (N.D. Ohio 2010) (*quoting Whitaker v. M. T. Automotive, Inc.*, 111 Ohio St. 3d 177, 180, 855 N.E.2d 825, 829 (2006)).

In *Pittenger v. John Soliday Fin. Group*, No. 1:09-CV-00563, 2010 WL 1856224 (N.D. Ohio May 10, 2010), a collection law firm filed a complaint in state court and attached the contract at issue, which contained, *inter alia*, Pittenger's Social Security number and date of birth. *Id*. at **1, 4. This Honorable Court, however, held that the defendants' disclosure of the plaintiff's PII was "not the type of unfair, deceptive, or unconscionable act or practice contemplated by the OCSPA." *Id*. at *4. Indeed, this Court held that "[n]one of the circumstances or factors listed in §§ 1345.02(B) and 1345.03(B) comes close to describing the defendants' alleged acts." *See id*. at *4.[10/]

The conduct alleged in the Complaint is not expressly proscribed by the OCSPA. The allegations of the Complaint do not allege that Cox misled Plaintiff regarding, or manipulated his understanding as to, the Company's products or services. Rather, the Complaint alleges that *Cox* was misled and manipulated by the wholly independent criminal act(s) of a non-party posing as Plaintiff.[11/] Thus, Plaintiff cannot establish another key element of an OCSPA claim: proximate cause. *See Butler v. Sterling, Inc*., No. 98-3223, 2000 WL 353502, *4 (6th Cir. Mar. 31, 2000) (to state an OSCPA claim, a plaintiff must demonstrate that the alleged damages were "proximately caused by the 'deceptive' act.") Plaintiff has not, and cannot, allege that Cox committed a deceptive act that caused the damage alleged in the Complaint. Whatever relief Plaintiff may be entitled to pursue under Ohio common law—and Cox asserts that, ultimately, he is entitled to none—the Company's alleged actions and/or inactions do not allow "the court to draw the reasonable inference that" Cox committed an unfair, deceptive, or unconscionable act

---

[10/]     "The OCSPA lists several circumstances and factors that courts must consider in determining whether an act or practice is unfair, deceptive, or unconscionable." *Pittenger*, 2010 WL 1856224, at *4 (*citing* O.R.C. §§ 1345.02(B) and 1345.03(B)).

[11/]     *See* O.R.C. § 2913.49 (proscribing certain conduct with regard to the PII of another person).

in violation of the OCSPA. *Pittenger*, 2010 WL 1856224, at *4; *Smith*, 2014 WL 639833, at *2 (*quoting Iqbal*, 556 U.S. at 678).

**B.**     **Plaintiff's OCSPA Claim Is Barred by The Statute of Limitations.**

To the extent Plaintiff alleges "'a material misrepresentation, deceptive act or omission' that impacted his decision to purchase the item at issue," *see Temple*, 133 Fed. App'x at 265, the purchase here occurred no later than December 2008. [*See* Williams Dec., ¶ 4.] As such, Plaintiff's OCSPA claim also would be barred by the applicable two-year statute of limitations. O. R. C. § 1345.10(C); *Lewis v. ABC Business Services, Inc.*, 135 F.3d 389, 403 n.12 (11th Cir. 1998).

**C.**     **Plaintiff's OCSPA Claim Is Preempted by The FCRA.**

In addition to limiting private rights of action under the FCRA, the FCRA preempts certain State statutory and common law causes of actions. One of the FCRA's preemption provisions, § 1681t(b), provides, in part, as follows:

No requirement or prohibition may be imposed under the laws of any State –

(1)      with respect to *any subject matter* regulated under –

…

(C)      subsections (a) and (b) of section 1681m of this title, relating to the duties of a person who takes any adverse action with respect to a consumer;

(D)      section 1681m(d) of this title, relating to the duties of persons who use a consumer report of a consumer in connection with any credit or insurance transaction that is not initiated by the consumer and that consists of a firm offer of credit or insurance;

…

(F)      section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply –

- 14 -

        (i)     with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or

        (ii)     with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996);

    ….

*See* 15 U.S.C. § 1681t(b)(1)(F) (emphasis supplied).[12/]

In *Shugart v. Ocwen Loan Servicing, LLC*, 747 F. Supp. 2d 938 (S.D. Ohio 2010), the plaintiffs claimed that the defendants committed unfair and deceptive acts and practices in connection with a note and a mortgage, including making misrepresentations to various credit reporting agencies about the loan, in violation of the OCSPA. *See id.* at 940, 943. As such, the district court found that the plaintiff's OCSPA claim was based, in part, on duties imposed by the FCRA on furnishers of information under § 1681s-2(a). *See id.* at 943-44. Accordingly, the court held that the plaintiff's OCSPA claim was preempted by § 1681t(b)(1)(F). *Id.* at 944.

The preemption analysis here is made more difficult because the Complaint does not plead any specific provision(s) of the FCRA that Cox allegedly violated. Indeed, as noted above, the Complaint does not plead even under which of the three FCRA categories of covered entities Cox allegedly falls. *See Nelski*, 86 F. App'x at 844; *Jones*, 2007 WL 1731321, at *3. Nevertheless, as discussed above, the Complaint fails to allege any facts that would support a claim that Cox is a consumer reporting agency. *See Miller*, 24 F. App'x at 424 (affirming dismissal of FCRA claims where the plaintiff presented no evidence that the defendants

---

[12/] The other FCRA preemption provision, discussed below in connection with Plaintiff's invasion of privacy and negligence claims, is set forth in § 1681h(e). There exists considerable disagreement among this Circuit's district courts as to the reading to be given the two preemption provisions, *see e.g. Birdsall v. Peoples Bank of the South*, No. 3:12-CV-480-TAV-CCS, 2014 WL 640704, *4 (E.D. Tenn. Feb. 19, 2014) (discussing conflict); *Brown v. Sterling Infosystems, Inc.*, No. 3:10CV697, 2010 WL 3057844, *5 (N.D. Ohio Aug. 2, 2010) (same); and the Sixth Circuit has not yet resolved that conflict, *see Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 548 (6th Cir. 2012). The undersigned counsel's research has not uncovered any decision by this Honorable Court addressing the issue.

"regularly assembled or evaluated consumer credit information in order to furnish consumer reports to third parties"). And to the extent Plaintiff's OCSPA claims against Cox are based, at least in part, on the duties imposed on users of consumer reports under § 1681m of the FCRA, or on furnishers of information to consumer reporting agencies under § 1681s of the FCRA, his OCSPA claim is preempted by the applicable subsections of § 1681t(b). *See* 15 U.S.C. § 1681t(b)(C), (D), (F).

**3.** **Plaintiff's Invasion of Privacy and Negligence Claims Are Preempted by the FCRA.**

As noted above, there is an as-yet unresolved conflict among the district courts of this Circuit as to whether § 1681t(b), discussed above with regard to Plaintiff's OCSPA claim, also applies to preempt common law claims. *Compare Birdsall*, 2014 WL 640704, at *4 (holding § 1681t(b) applicable to both statutory and common law claims); *Shugart*, 747 F. Supp. 2d at 946 (holding § 1681t(b) applicable to statutory claims only); *see also Brown*, 2010 WL 3057844, at *5 (discussing conflict). And once again, the preemption analysis here with regard to those common law claims is made more difficult because the Complaint does not plead any specific provision(s) of the FCRA that Cox allegedly violated, and, like his FCRA claim, Plaintiff's common law claims are based only upon the same facts alleged generally in the Complaint. No specific facts are alleged in Count III and IV, and Count III and IV are identical to Count I except for the respective legal bases asserted.

The Complaint fails to allege that Cox is a consumer reporting agency or any facts that would support such a claim. *See Miller*, 24 F. App'x at 424 (affirming dismissal of FCRA claims where the plaintiff presented no evidence that the defendants "regularly assembled or evaluated consumer credit information in order to furnish consumer reports to third parties"). Thus, to the extent § 1681t(b) of the FCRA applies to common law claims, and to the extent Plaintiff's

common law claims against Cox are based, at least in part, on the duties imposed on the users of consumer reports under § 1681m of the FCRA, or on the furnishers of information to consumer reporting agencies under § 1681s of the FCRA, the FCRA preempts those Ohio common law claims. *See* 15 U.S.C. § 1681t(b)(C), (D), (F).

Nevertheless, even if this Court were to hold that § 1681t(b) applies only to statutory claims, Plaintiff's common law claims should be dismissed pursuant to the FCRA's other preemption provision, § 1681h(e), and the pleadings standard established in *Twombly* and *Iqbal*. Subsection 1681(e) provides as follows:

> Except as provided in sections 1681n and 1681*o* of this title, *no consumer may bring any action or proceeding in the nature of* defamation, *invasion of privacy, or negligence* with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report *except as to false information furnished with malice or willful intent to injure such consumer*.

15 U.S.C. § 1681h(e) (emphasis supplied).

Once again, Cox is not a consumer reporting agency and the Complaint does not set forth any facts that would support such a claim. *See Miller*, 24 F. App'x at 424 (affirming dismissal of FCRA claims where the plaintiff presented no evidence that the defendants "regularly assembled or evaluated consumer credit information in order to furnish consumer reports to third parties"). And to the extent Plaintiff's Ohio common law claims against Cox are based, at least in part, on the duties imposed on users of consumer reports under § 1681m of the FCRA, or on furnishers of information to consumer reporting agencies under § 1681s of the FCRA, § 1681h(e) preempts those common law claims except to the extent he can show that any information furnished by Cox was both false and done "with malice or an willful intent to injure" him.

Assuming *arguendo* that Cox's alleged "actions and/or inactions" here constitute the "furnish[ing] of false information" under the FCRA, which it does not, the Complaint does not allege that Cox acted with "malice or willful intent to injure" Plaintiff. *Arra v. All Occasion Limousine, Inc.*, No. 1:13 CV 1317, 2013 WL 5874754, *2 (N.D. Ohio Oct. 30, 2013) (dismissing the plaintiff's negligence claim as preempted by § 1681h(e) because she did not allege that the defendants acted willfully or maliciously). Although Paragraph 1 of the Complaint alleges "willful noncompliance" with the FCRA by Cox, that allegation "does not rise to [the] level of malice or willful intent to injure 'required to avoid § 1681h(e) immunity.'" *Brown*, 2010 WL 3057844, at *5 n.5 (granting the defendant's partial motion to dismiss) (*quoting Reed v. Experian Info. Solutions, Inc.*, 321 F. Supp. 2d 1109, 1117 (D. Minn. 2004)). The facts alleged show only that Cox was misled and manipulated by the wholly independent criminal act(s) of a non-party posing as Plaintiff. These allegations are insufficient to show malice towards or a willful intent to injure Plaintiff. *See Merritt v. LexisNexis Screening Solutions, Inc.*, No. 13-CV-10768, 2013 WL 3242952, *4 (E.D. Mich. June 26, 2013) (adopting Magistrate Judge's Report and Recommendation) ("I suggest that Plaintiff's complaint does not expressly allege, nor could it be construed as alleging, that Defendants acted with malice or willful intent to injure him. I therefore suggest that Plaintiff's defamation claim is preempted by the FCRA and could be dismissed on this ground as well.").

## II.     The Court Should Strike Plaintiff's Demand for A Jury Trial.

Alternatively, should the Court deny, in whole or in part, Cox's Motion to Dismiss Plaintiff's claims pursuant to Rule 12(b)(6), the Court should nevertheless strike his jury trial demand as waived pursuant to the Cox® High Speed Internet Subscriber Agreement. *See* Fed. R. Civ. P. 39(a). Although the Seventh Amendment to the Constitution guarantees the right to a jury

trial in a civil case where the plaintiff seeks a remedy for a legal injury, that right may be waived. *Preferred RX, Inc. v. Am. Prescription Plan, Inc.*, 46 F.3d 535, 548 (6th Cir. 1995); *Kinzel v. Bank of America*, No. 3:10-cv-02169, 2013 WL 4679938, *1 (N.D. Ohio Aug. 30, 2013); *cf. Baumgardner v. Bimbo Food Bakeries Dist., Inc.*, 697 F. Supp. 2d 801, 819 (N.D. Ohio 2010) (right to trial by jury in federal action "to be determined as a matter of federal law in diversity as well as other actions"). "The categories of enforceable waivers include those made 'by prior written agreement' by 'the parties to a contract.'" *Kinzel*, 2013 WL 4679938, at *1; *see also Baumgardner*, 697 F. Supp. 2d at 819.

As noted above, §§ 20.6 of the Cox® High Speed Internet Subscriber Agreement between Plaintiff and the Company contains a jury trial waiver, which provides as follows:

> **20.6 Jury Trial Waiver.** If for any reason this arbitration agreement is found to be unenforceable, including without limitation, that the class action waiver is unenforceable, or if you opt out of this dispute resolution agreement, you and Cox expressly and knowingly WAIVE THE RIGHT TO TRIAL BY JURY. This means that a Judge rather than a Jury will decide disputes between you and Cox if, for any reason, the arbitration agreement is not enforced.

[*See* Williams Dec., ¶ 8, Ex. 1, §§ 20.6 (emphasis in original); Williams Dec., ¶ 9, Ex. §§ 20.6 (emphasis in original).]

The jury trial waiver provision here is clear and unambiguous that both parties were waiving their right to a jury trial in connection with the Agreement. *See Kinzel*, 2013 WL 4679938, at *5. The language of the waiver is indicated in and/or otherwise introduced by, wording in bold font, and by and through its express terms, covers disputes concerning any services, products or bills provided under the Agreement, as well as "any services or goods that Cox or any of its affiliated entities provide to you under any other agreement." [*See* Williams Dec., ¶ 8, Ex. 1, §§ 20.1, 20.6; Williams Dec., ¶ 9, Ex. §§ 20.1, 20.6.] As in *Kinzel*, "[t]here is nothing in either the jury waiver provision or the arbitration provision that contradicts the

- 19 -

language of the other." *See* 2013 WL 4679938, at *5. As such, Plaintiff cannot carry his burden of showing that the waiver was not 'done knowingly, voluntarily and intentionally.'" *See id.* at *3 (*quoting K.M.C. Co., Inc. v. Irving Trust Co.,*, 757 F.2d 752, 755 (6th Cir. 1985)).

Accordingly, for the above reasons, should the Court deny, in whole or in part, Cox's Motion to Dismiss Plaintiff's claims pursuant to Rule 12(b)(6), the Court should nevertheless grant the Company's Motion to Strike Plaintiff's Jury Demand with regard to any and all remaining claims.

## <u>Conclusion</u>

As set forth below, the Court should dismiss Count I of the Complaint on the grounds that Cox is not an entity covered under the FCRA and Plaintiff otherwise fails to state a claim under the FCRA. Furthermore, assuming *arguendo* that Cox is a covered entity under the FCRA, and that the allegations of the Complaint state a claim for violation of the FCRA, Plaintiff still cannot pursue a private right of action under the FCRA based on those allegations.

The Court also should dismiss Count II of the Complaint for failure to state a claim under the OCSPA. Furthermore, and although the preemption analysis here is made more difficult by the Complaint's failure to plead any specific provision(s) of the FCRA that Cox allegedly violated, the Court dismiss Count II, as well as Counts III and IV, as preempted by the applicable provisions of the FCRA.

Alternatively, should the Court deny, in whole or in part, Cox's Motion to Dismiss Plaintiff's claims pursuant to Rule 12(b)(6), the Court should nevertheless strike his demand for a jury trial as waived pursuant to the Cox® High Speed Internet Subscriber Agreement. *See* Fed. R. Civ. P. 39(a).

Respectfully submitted this 31st day of July 2014.

/s/ Natalia Steele
Philip F. Downey (0040308)
Natalia Steele (0082530)
VORYS, SATER, SEYMOUR AND PEASE LLP
1375 East Ninth Street
2100 One Cleveland Center
Cleveland, Ohio 44114-1724
(216) 479-6100 (telephone)
(216) 937-3755 (facsimile)
Email: PFDowney@vorys.com
　　　　nsteele@vorys.com


John C. Stivarius, Jr.
Georgia Bar No. 682599
*Admitted Pro Hac Vice*
William D. Deveney
Georgia Bar No. 219744
*Admitted Pro Hac Vice*
ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 659-6700 (telephone)
(404) 222-9718 (facsimile)
Email:　　stivarius@elarbeethompson.com
　　　　　deveney@elarbeethompson.com

*Counsel for Defendant*

## <u>CERTIFICATION</u>

The undersigned hereby certifies that, pursuant to Local Rule 7.1(f): (1) this case has not yet been assigned to a litigation track, and (2) the foregoing document complies with the page limit for dispositive motions established by Local Rule 7.1(f).

/s/ Natalia Steele
Natalia Steele  (0082530)

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on this the 31st day of July, 2014, a copy of the

foregoing was filed electronically via the Court's CM/ECF system.  Notice of this filing will be

sent by operation of the Court's CM/ECF system to all parties indicated on the electronic filing

receipt.  Parties may access this filing through the Court's CM/ECF system.


/s/ Natalia Steele
Natalia Steele  (0082530)
*One of the Attorneys for the Defendant*