**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WALID KHALED,** | ) | **CASE NO.  1:14 CV 1007** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF OPINION** |
| | ) | **and** |
| **COX COMMUNICATIONS,** | ) | **ORDER of DISMISSAL** |
| | ) | |
| **Defendant.** | ) | |

Plaintiff Walid Khaled ("Plaintiff" or "Khaled") brings this action against Defendant Cox Communications ("Cox") seeking redress for Cox's alleged "intentional, willful and/or reckless violations of [P]laintiff's privacy rights."  (Doc. # 1 ("Comp.") ¶ 1).  Because the Court lacks personal jurisdiction over Cox, it hereby dismisses the case without prejudice.

**I.**

Cox provided bundled telephone, high-speed internet, and cable services to Plaintiff at all times relevant hereto.  According to the Complaint, on or about May 9, 2012, someone posing as Plaintiff called Cox to complain that Plaintiff's home telephone service was inoperative. (Comp., ¶16).  The Complaint alleges that when the Cox customer representative ("Cox employee") asked the individual posing as Plaintiff for security information to verify that he was in fact who he said he was (i.e., the Plaintiff), the individual on the phone did not respond with "proper answers."  (Id.).  The Cox employee either coached the individual so that he would get the proper answers or ignored the fact that he did not know the proper answers.  Either way,

according to Plaintiff, at the request of the individual posing to be the Plaintiff, the Cox employee changed the password on Plaintiff's email account, allowed the individual to get a new password (which gave him access to all of Plaintiff's account information) and forwarded Plaintiff's calls to a number that was supposed to be Plaintiff's cell phone number but was in actuality the individual's own cell phone number.  After Plaintiff found out that this conversation took place, he learned that the individual had opened up new credit card accounts in Plaintiff's name and had made purchases using Plaintiff's credit cards.  Plaintiff alleges that he was harmed "as a direct and/or proximate result of [Cox's] wrongful actions and/or inaction and the resulting data breach."  (Comp., ¶ 24).

On May 8, 2014, Plaintiff filed a four count Complaint in this Court asserting claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA") (Count I), and the Ohio Consumer Sales Practices Act, O.R.C. § 1345.01 *et seq*. ("OCSPA") (Count II), as well as common law claims for invasion of privacy (Count III) and negligence (Count IV).  On July 31, 2014, Defendant filed a Motion to Compel Arbitration (Doc. # 7) and a separate Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. # 8) ("Motion to Dismiss").  In Defendant's Motion to Dismiss, it argued that Plaintiff failed to state a claim under the FCRA and OCSPA and that the FCRA preempted Plaintiff's state law causes of actions.  In response, on September 11, 2014, Plaintiff filed a Motion for Leave to File an Amended  Complaint ("Motion for Leave") (Doc. # 13), withdrawing his FCRA claim.  Therein, Plaintiff requested that the Court "proceed with the three state law claims pursuant to the Court's diversity jurisdiction."  (Id. at p.3).

Upon reviewing Plaintiff's Motion for Leave, the Court held a teleconference on September 9, 2014 to address whether it had personal jurisdiction over Defendant.  During the

-2-

teleconference, a question arose as to the location of the Cox employee when he or she allegedly provided the individual posing as Plaintiff access to Plaintiff's account information.  On September 11, 2014, defense counsel informed the Court, via email, that the call in question was answered by a Cox customer care representative working at  Defendant's call center located in West Warwick, Rhode Island.  On September 18, 2014, following defense counsel's email, the Court held another teleconference with counsel to advise them that it would dismiss the case without prejudice because it did not have personal jurisdiction over the Defendant.  Accordingly, as further explained below, because the Court lacks personal jurisdiction over Defendant, it hereby dismisses the case.

## II.

Defendant Cox is located in Atlanta, Georgia, but, according to the Complaint, it does substantial business within the Northern District of Ohio.  In determining whether personal jurisdiction is proper in a diversity case, a district court must apply the law of the state in which it sits.  *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993).  Ohio courts have personal jurisdiction over a defendant if (1) personal jurisdiction is conferred by its long-arm statute; and (2) the exercise of personal jurisdiction satisfies the due process requirements of the Fourteenth Amendment.  *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir.2006) (citations omitted).  The Sixth Circuit has explained that there are two kinds of personal jurisdiction that can be exercised, general and specific.  *Id.*  Specific jurisdiction exists when the contacts giving rise to jurisdiction relate to the claim that is before the court.  *Youn v. Track, Inc*., 324 F.3d 409, 417 (6th Cir. 2003) (citation omitted).  On the other hand, general jurisdiction requires the defendant's contacts with the forum state to be "substantial" and "continuous and systematic," such that the

state may exercise personal jurisdiction even if the action does not relate to the defendant's contacts with the state.  *Id.*

Ohio law requires that the Court find specific jurisdiction under one of the bases of jurisdiction listed in its long-arm statue.  *See Conn v. Zakharov,* 667 F.3d 705, 717 (6th Cir. 2012) (explaining that "Ohio law does not appear to recognize general jurisdiction over non-resident defendants, but instead requires that the court find specific jurisdiction under one of the bases of jurisdiction listed in Ohio's long-arm statue").  Ohio's long-arm statute enumerates nine categories of conduct that subject an entity  to personal jurisdiction in Ohio.  *See* Ohio Rev. Code § 2307.382(A).  In addition, the long-arm statute provides, in relevant part, that "[w]hen jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him."  Ohio Rev. Code § 2307.382(C). To satisfy the "arising from" prong, the defendant's actions in the state "must be the proximate cause of the injury complained of."  *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.,* 198 Fed. Appx. 425, 430 (6th Cir. 2006) (emphasis added).

Here, all of Plaintiff's remaining state law claims are based on the telephone conversation between one of its customer care representatives, who was located in Rhode Island at the time of the call, and the individual who allegedly posed as Plaintiff.  Plaintiff alleges that Defendant, by allegedly disclosing Plaintiff's personal information during the telephone conversation without his consent or knowledge, "proximately caused the theft and dissemination into the public domain of his [personally identifiable information]."  (Comp., ¶ 24).  Thus, any injury that Plaintiff allegedly suffered was caused by Defendant's contacts in Rhode Island, not Ohio.

Accordingly, the Court does not have personal jurisdiction over Defendant Cox and

hereby dismisses the Complaint without prejudice.  Furthermore, the Court declines to address Defendant's pending Motion to Compel Arbitration (Doc. #7) and Motion to Dismiss Plaintiff's state law claims (Doc. # 8).


**IT IS SO ORDERED.**


 */s/ Dan A. Polster    September 23 , 2014*
**Dan Aaron Polster**
**United States District Judge**